9458

CLECKLEY v. ATLANTIC COAST LINE R. CO.

(90 S. E. 32.)

1. APPEAL AND ERROR—SCOPE—CURE OF ERRORS.—Defendant cannot complain of admission of improper testimony, where it was ruled out by the Court on its objection, but fully developed by defendant in cross-examining the witness.

2. CARRIERS—RIGHTS OF PASSENGERS—MISCONNECTIONS.—In spite of a schedule misconnection of 15 minutes, if it was customary to hold a train to make a connection, and a passenger, relying on the conductor's statement that he could make it, took his ticket by such route, depending on making the connection, and although the ticket agent told him he could not make it, the carrier was at fault, and the passenger could recover on failure to connect.

3. CARRIERS—CONNECTING TRAINS—WILFUL MISCONNECTION—EVIDENCE. —Wilfulness in failing to make connections is negatived where the schedule shows a misconnection, and when a passenger took his ticket by such connecting point, the carrier took him on a limited train to a nonstop station, to avoid delay.

Before DEVORE, J., Bamberg, November, 1915.  Affirmed.

Action by J. J. Cleckley against the Atlantic Coast Line Railroad Company.  Judgment for plaintiff, and defendant appeals.

*Messrs. Mayfield & Free* and *L. W. McLemore,* for appellant, cite: *As to duty of passenger to inform himself of schedules, etc.:* 19 Am. Rep. 703.

*Mr. E. H. Henderson,* for respondent, cites: 53 S. C. 213; 69 S. C. 132; 75 S. C. 144 and 289; 93 S. C. 533; 91 S. C. 71; 96 S. C. 459.

FOOTNOTE.—As to liability of carrier for act of agent in informing passenger as to route, see notes in 13 A. & E. Ann. Cas. 968, 2 L. R. A. (N. S.) 110, 24 L. R. A. (N. S.) 1178.

July 13, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The plaintiff is a physician, and was going on a professional call from Denmark to·Kingstree. Betwixt those two towns there are two routes, both over the defendant's lines. By both routes the traveler goes from Denmark to Sumter, whereat the ways part; the one lies southeast by Manning to Lanes, thence north to Kingstree; the other lies southeast by Orangeburg to Florence, thence south to Kingstree. The first way we shall refer to as a southern route, and the second way we shall call the northern route. By neither route was there a continuous journey unbroken in time; but by the schedule of both routes the passenger waited on connections at Lanes and at Florence. On the instant occasion the plaintiff went the northern route, missed the connection at Florence, was carried on the night limited train by special permit, and so reached Kingstree somewhat delayed. He sued for $500 damages, and the jury awarded him $100 actual damages.

There are seven exceptions, but there is only a single issue of law to be decided; the exceptions, save the seventh, are only a restatement of that one issue.

1. The seventh exception is not well taken. On the defendant's objection the transaction to which the exception refers was ruled out by the Court; but on the fatal cross-examination the whole transaction, and more, too, was extracted from the witness. That was no fault of the Court.

2. The one issue of law involved arises out of the following circumstances: Five days before the instant transaction the plaintiff had gone from Denmark to Kingstree by the

southern route.   From Lanes to Kingstree, some 10 miles, he continued his journey by auto, and reached his destination "early in the evening."   On that first trip the plaintiff was told by the ticket agent at Sumter that if he bought a ticket by the northern route he would miss the connection at Florence; and he then bought a ticket by the southern route, and proceeded in the manner already related.   But while so riding on the first trip upon the cars from Denmark to Sumter, the plaintiff says the conductor said:

"If I had got a ticket by way of Florence I could have gone around that way; that if I had a ticket the train would wait for me."

Such, also, is the allegation of the complaint that:

"The conductor * * * had informed plaintiff that if he had had a ticket, a train at Florence would have been held for him to transport him to Kingstree."

Coming now to the second trip, the instant case, the plaintiff was indefinite in his testimony about what transpired between him and the ticket agent at Denmark when he bought a ticket by the northern route.   He did not say positively and directly that the agent repeated to him what the agent has aforetime told him about the Florence connection; but he testified this:

"I told him (the ticket agent at Denmark) I wanted a ticket to Kingstree by way of Florence, and the conductor (on the first trip) had assured me I would make that connection."

The words in parenthesis are supplied.

At all event no delict is laid at the door of the Denmark ticket agent; and it is plain, by necessary inference, that the plaintiff bought the ticket on the second trip with knowledge of the scheduled misconnection at Florence, and that he relied for a connection, if he relied at all, on the assurance which the conductor had aforetime given to him aboard the cars.   So the question of law is, did the plaintiff have a

legal right under all the circumstances to rely on the conductor's statement, instead of acting on the ticket agent's statement?    We think the two statements are not in conflict. There is no dispute but that there was a schedule misconnection at Florence.    All the ticket agent could know was the printed schedule.    But the conductor witnessed every day the practical application of the schedule; he rode on the train to Florence, and witnessed what was done there; it was his business to know that, and to advise those who patronized him of the fact.    If it was the practice of the company to hold at Florence the southbound train a few minutes, to accommodate passengers coming into Florence from Sumter and going south to Kigstree, and if the conductor so told the plaintiff, and if the plaintiff acted on that assurance to his hurt, then the fault is the company's.    The testimony tends to prove that case, and the jury has found it.

It ought to be stated in commendation of the carrier that it did what it could to remedy the plaintiff's inconvenience; it carried him on the night limited train, not scheduled to stop at Florence, and delivered him at his destination as soon as was possible after the misconnection.    That was a duty well performed.

The verdict below was moderate; it negatives, as does the testimony, any finding of wilfulness on the part of the carrier.

Let the judgment be affirmed.